UNITED STATES BANKRUPTY COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 7 |
| | Case No. 19-19206 |
| Robert Browning | |
|         Debtor | ADVERSARY PROCEEDING NO. |
| Armando F. Flores and Melinda Flores | |
|         Plaintiffs) | |
| -against- | |
| Robert Browning, | |
|         Defendant, | |

### COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTION 523(a)(6) OF THE BANKRUPTY CODE

Plaintiffs-Creditors Armando F. Flores and Melinda Flores as and for its Complaint against Defendant-Debtor Robert Browning (the "Debtor") respectfully alleges:

### JURISDICTION

1. On May 6, 2019, the Debtor filed a Notice of Chapter 7 Bankruptcy in the United States Bankrupty Court, District of New Jersey.

2. On June 17, 2019 the Debtor's duly-noticed meeting of creditors was held pursuant to Section 341(a) of the Bankrupty Code (the "Section 341 Meeting").

3. As of the date of the Complaint the Debtor has not been granted a discharge.

4. This Complaint is timely because the date by which a Complaint objecting to the Debtor's or to determine dischargeability of the debt expires on August 16, 2019.

5. This is an adversary proceeding in which the plaintiffs-creditors are objecting to the Debtor's discharge under Bankruptcy Code § 523(a)(6) and is seeking a determination as to dischargeability of the debt owed by the Debtor to plaintiffs under Bankruptcy Code § 523(a)(6).

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § 523.

7. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 157 (b)(2)(J).

## PARTIES

8. Plaintiffs-creditors, Armando Flores and Melinda Flores, husband and wife, are judgment creditors of the Debtor.

9. Debtor, Robert Browning, in the above captioned case and at all times, pursuant to his allegations, has resided at 205 Bower Street, Jersey City, New Jersey.

## OJBECTION TO DISCHARGE – WILLFUL AND MALICIOUS INJURY EXCEPTION

10. This matter involves a brutal attack by the debtor on plaintiff-creditor Armando Flores on August 21, 2011. During the attack, debtor who was a much larger man that the debtor overwhelmed the plaintiff-creditor and bit off plaintiff-creditor's nose.

11. As result of the attack, plaintiff-creditor sustained grievous injuries including having his nose literally bitten off by debtor, Robert Browning.

12. Plaintiff-creditor, Armando Flores, then underwent a long and painful recovery and suffered severe and debilitating physical and emotional injuries as a result of the attack.

13. Plaintiff-creditor, Melinda Flores, is the lawful wife of the Armando Flores who was an eyewitness to the attack.

14. The debtor attacked the plaintiff-creditor, Armando Flores, in front of the Flores home.

15. Debtor made a habit of acting aggressively towards the plaintiff-creditor, Armando Flores, whenever debtor would be at or about the Flores home in connection with debtor's frequent visits to a neighboring property where he performed certain tasks around the property for building owner, 38-36 Greenville Avenue, LLC.

16. The August 21, 2011 attacked resulted in criminal charges against the debtor. He was convicted of aggravated assault-bodily injury 2C:12-1B(7), upon his guilty plea. See attached Judgment of Conviction as Exhibit A.

17. The circumstances of the attack were the subject of a lawsuit, <u>Flores v. Browning, et. al.</u>, Superior Court of New Jersey, Docket No. HUD-L-3486-13, which resulted in a substantial verdict against defendant, Robert Browning.

18. In the matter of <u>Flores v. Browning</u>, the plaintiffs-creditors, alleged that debtor's actions were willful and malicious so much so as to justify the imposition of Compensatory and Punitive Damages.

19. This matter was tried to jury verdict on during October 26, 2015 to November 2, 2015.

27. By virtue of debtor willful and malicious injury to the plaintiffs-creditors, the bankruptcy petition should be denied under Bankruptcy Code § 523(a)(6).

WHEREFORE, plaintiffs-creditors respectfully request that this Court enter a Judgment determining that the debt reflected in the Judgment entered in favor of the plaintiffs-creditors on November 16, 2015, is non-dischargeable under Bankruptcy Code § 532(a)(6), dismissing the Bankruptcy Petition, and granting plaintiffs-creditors such other relief as this Court may deem just and proper.

ZAVODNICK, PERLMUTTER & BOCCIA, LLC

By: _____
MITCHELL D. PERLMUTTER, ESQ.

Dated: July 31, 2019

# EXHIBIT A

# Judgment of Conviction

## Superior Court of New Jersey, HUDSON County

**State of New Jersey**  v.

| Last Name | First Name | Middle Name |
|---|---|---|
| BROWNING | ROBERT | |

**Also Known As**

| Date of Birth | SBI Number | Date(s) of Offense | | |
|---|---|---|---|---|
| 03/27/1959 | 773714C | 08/21/2011 | | |

| Date of Arrest | PROMIS Number | Date Ind / Acc / Complt Filed | Original Plea | Date of Original Plea |
|---|---|---|---|---|
| 08/21/2011 | 11 002782-001 | 06/05/2012 | ☑ Not Guilty  ☐ Guilty | 07/30/2012 |

**Adjudication By**  ☑ Guilty Plea  ☐ Jury Trial Verdict  ☐ Non-Jury Trial Verdict  ☐ Dismissed / Acquitted  Date: 01/28/2013

### Original Charges

| Ind / Acc / Complt | Count | Description | Statute | Degree |
|---|---|---|---|---|
| 12-06-01030-I | 1 | AGG ASSLT SBI | 2C:12-1B(1) | 2 |

### Final Charges

| Ind / Acc / Complt | Count | Description | Statute | Degree |
|---|---|---|---|---|
| 12-06-01030-I | AMENDED 1 | AGG ASLT-BODILY INJURY | 2C:12-1B(7) | 3 |

### Sentencing Statement

It is, therefore, on 03/15/2013    **ORDERED** and **ADJUDGED** that the defendant is sentenced as follows:
Count 1- Defendant sentenced to probation for a period of 3 years with the following conditions: (1) Anger management counseling; (2) No Contact with the victims, Armando and Jeremy Flores.

Dismissals: None.

Defendant has 45 days Right to Appeal Sentence.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.


EXHIBIT P-7 6/23/14 H.H.

| Total Custodial Term | Institution Name | Total Probation Term |
|---|---|---|
| 000 Years 00 Months 000 Days | | 03 Years 00 Months |

State of New Jersey v. BROWNING, ROBERT    S.B.I. # 773714C    Ind / Acc / Complt # 12-06-01030-I

## DEDR (N.J.S.A. 2C:35-15 and 2C:35-5.11)

A mandatory Drug Enforcement and Demand Reduction (DEDR) penalty is imposed for each count. (Write in number of counts for each degree.)

☐ DEDR penalty reduction granted (N.J.S.A. 2C:35-15a(2))

|  | Standard | Doubled |
|---|---|---|
| 1st Degree | ___ @ $ ___ | ___ @ $ ___ |
| 2nd Degree | ___ @ $ ___ | ___ @ $ ___ |
| 3rd Degree | ___ @ $ ___ | ___ @ $ ___ |
| 4th Degree | ___ @ $ ___ | ___ @ $ ___ |
| DP or Petty DP | ___ @ $ ___ | ___ @ $ ___ |

Total DEDR Penalty $ ___

☐ The court further ORDERS that collection of the DEDR penalty be suspended upon defendant's entry into a residential drug program for the term of the program. (N.J.S.A. 2C:35-15e)

Forensic Laboratory Fee (N.J.S.A. 2C:35-20)
Offenses @ $ ___
Total Lab Fee $ ___

## Additional Conditions

☑ The defendant is hereby ordered to provide a DNA sample and ordered to pay the costs for testing of the sample provided (N.J.S.A. 53:1-20.20).

☐ The defendant is hereby sentenced to community supervision for life. (If offense occurred before 1/14/04) (N.J.S.A. 2C:43-6.4)

☐ The defendant is hereby sentenced to parole supervision for life. (If offense occurred on or after 1/14/04) (N.J.S.A. 2C:43-6.4).

☐ The defendant is hereby ordered to serve a ___ year term of parole supervision, which term shall begin as soon as defendant completes the sentence of incarceration. (N.J.S.A. 2C:43-7.2).

☐ The court imposes a restraining order pursuant to DORA. (N.J.S.A. 2C:35-5.7(h)). Restraining Order expires ___

## VCCA Assessment (N.J.S.A. 2C:43-3.1)

| Counts | Number | Amount |
|---|---|---|
| 1 | 1 @ | $100.00 |
|  | @ | $ |
|  | @ | $ |
|  | @ | $ |

Total VCCA Assessment $ 100.00

## Findings Per N.J.S.A. 2C:47-3

☐ The court finds that the defendant's conduct was characterized by a pattern of repetitive and compulsive behavior.

☐ The court finds that the defendant is amenable to sex offender treatment.

☐ The court finds that the defendant is willing to participate in sex offender treatment.

## Vehicle Theft / Unlawful Taking Penalty (N.J.S.A. 2C:20-2.1)

| Offense | Mandatory Penalty |
|---|---|
|  | $ |

## License Suspension

☐ CDS / Paraphernalia (N.J.S.A. 2C:35-16)    ☐ Waived

☐ Auto Theft / Unlawful Taking (N.J.S.A. 2C:20-2.1)

☐ Eluding (N.J.S.A. 2C:29-2)

☐ Other ___

## Offense Based Penalties

| Penalty | Amount |
|---|---|
|  | $ |

Number of Months ___

☐ Non-resident driving privileges revoked

Start Date ___    End Date ___

Details ___

## Other Fees and Penalties

Law Enforcement Officers Training and Equipment Fund Penalty (N.J.S.A. 2C:43-3.3)
☑ $30.00

Safe Neighborhood Services Fund Assessment (N.J.S.A. 2C:43-3.2)
☑ 1 Offenses @ $75.00
Total: $75.00

Probation Supervision Fee (N.J.S.A. 2C:45-1d)
☐ $ ___

Statewide Sexual Assault Nurse Examiner Program Penalty (N.J.S.A. 2C:43-3.6)
☐ ___ Offenses @ $ ___
Total $ ___

Transaction Fee (N.J.S.A. 2C:46-1.1)
☐

Certain Sexual Offenders Surcharge (N.J.S.A. 2C:43-3.7)
☐ $ ___

Domestic Violence Offender Surcharge (N.J.S.A. 2C:25-29.4)
☐ $ ___

Sex Crime Victim Treatment Fund Penalty (N.J.S.A. 2C:14-10)
☐ $ ___

Driver's License Number ___    Jurisdiction ___

If the court is unable to collect the license, complete the following:
Defendant's Address ___

City ___    State ___    Zip ___

Date of Birth ___    Sex ☐ M  ☐ F    Eye Color ___

| Fine | Restitution | Total Financial Obligation |
|---|---|---|
| $ | $ | $ 205.00 |

Details ___

State of New Jersey v.
BROWNING, ROBERT

S.B.I. # 973714C    Ind / Acc / Complt # 12-06-01030-I

## Time Credits

| Time Spent in Custody R. 3:21-8 | Gap Time Spent in Custody N.J.S.A. 2C:44-5b(2) | Prior Service Credit |
|---|---|---|
| Date: From – To | Date: From – To | Date: From – To |
| Total Number of Days | Total Number of Days | |
| | **Rosado Time** Date: From – To | |
| | Total Number of Days | Total Number of Days |

## Statement of Reasons - Include all applicable aggravating and mitigating factors

**AGGRAVATING FACTORS**

3. The risk that the defendant will commit another offense.

6. The extent of the defendant's prior criminal record and the seriousness of the offenses of which he/she has been convicted.

9. The need for deterring the defendant and others from violating the law.

**MITIGATING FACTORS**

10. The defendant is particularly likely to respond affirmatively to probationary treatment.

Aggravating factors outweigh Mitigating factors.

---

| Form Prepared By | Preparer Telephone Number |
|---|---|
| JASMINE RUBET | (201) 795-6640 |

| Attorney for Defendant at Sentencing | Public Defender |
|---|---|
| STEPHEN P WALSH | ☑ Yes  ☐ No |

| Prosecutor at Sentencing | Deputy Attorney General |
|---|---|
| ANNERIS HERNANDEZ | ☐ Yes  ☑ No |

Judge at Sentencing
John A. Young, Jr.

Judge (Signature): [signed]    Date: 3/26/13

# EXHIBIT B

FILED

NOV 16 2015

JEFFREY R. JABLONSKI, J.S.C.

ZAVODNICK, PERLMUTTER & BOCCIA, LLC
Mitchell D. Perlmutter, Esq. #022991993
26 JOURNAL SQUARE, SUITE 1101
JERSEY CITY, NEW JERSEY 07306
(201) 653-1155
Attorney for the Plaintiff,

| | |
|---|---|
| ARMANDO F. FLORES AND MELINDA FLORES,<br><br>Plaintiff(s),<br><br>vs.<br><br>ROBERT BROWNING, JOHN DOES – RICHARD ROES (A SERIES OF FICTITIOUS NAMES), 38-36 GREENVILLE AVENUE, L.L.C., ABC CORP. – XYZ CORP. (A SERIES OF FICTITIOUS NAMES),<br><br>Defendant(s), | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION HUDSON COUNTY<br><br>DOCKET NUMBER<br>HUD-L-003486-13<br><br>CIVIL ACTION<br><br>ORDER FOR JUDGMENT<br><br>J 22684-15 |

RECORDED AS A LIEN

This matter having come before this Court for a jury trial from October 26, 2015 to November 2, 2015, the Plaintiffs Armando Flores and Melinda Flores having been represented by Mitchell D. Perlmutter, Esq., Defendant 38-36 Greenville Avenue LLC having been represented by Kevin K. Tung, Esq., and Defendant Robert Browning representing himself *pro se*, and the jury having deliberated and reached a unanimous 6-0 verdict as to all claims in favor of the Plaintiffs and specifically as to the following issues presented in jury interrogatories: (1) Defendant Robert Browning did commit and assault and battery against Plaintiff Armando Flores on August 21, 2011; (2) Defendant Robert Browning was a principal, officer, employee or agent of Co-Defendant, 38-36 Greenville Avenue, LLC at the time of the assault; (3) Defendant Robert Browning was acting within the scope of his employment with 38-36 Greenville Avenue LLC when the incident occurred on August 21, 2011; (4) Greenville Avenue LLC did negligently hire, supervise or retain Co-Defendant Robert Browning; (5) Co-Defendant 38-36 Greenville Avenue LLC's negligent hiring, supervision or retention of Defendant Robert Browning was a proximate cause of the injuries suffered by the Plaintiff; (6) Plaintiff Armando Flores did **not** commit an assault and battery against the Defendant Robert Browning on August 21, 2011; and the jury having awarded damages to the Plaintiff Armando

Flores in the amount of $1,160,000.00 for Pain, Suffering, Disability, Impairment and Loss of Enjoyment of Life; $65,583.61 in past medical expenses; $35,352.52 in future medical expenses for a total of $1,260,936.13, and the jury having awarded $580,000.00 in damages to Plaintiff Melinda Flores for the loss of her spouse's services, society and consortium; and, the jury having further deliberated and awarding $500,000.00 in punitive damages as to Defendant Robert Browning,

It is on this _____16th_____ day of _____November_____ 2015;

**ORDERED**, that judgment be and hereby is entered against Robert Browning and 38-36 Greenville Avenue, LLC, jointly and severally on behalf of Plaintiff Armando Flores in the amount of $1,260,936.13, plus pre-judgment interest in the amount of $4,957.05 as pain and suffering and past medical expenses for a total judgment of $1,265,893.18; and it is further

**ORDERED**, that judgment be and hereby is entered Robert Browning and 38-36 Greenville Avenue, LLC, jointly and severally on behalf of Plaintiff Melinda Flores in the amount of $580,000.00 plus pre-judgment interest in the amount of $3,244.44 for a total judgment of $583,244.44; and it is further

**ORDERED**, that a judgment for punitive damages be and hereby is entered on behalf of the Plaintiffs against Defendant Robert Browning in the amount of $500,000.00 plus pre-judgment interest in the amount of $2,794.14 for a total judgment of $502,794.14; and it is further

**ORDERED**, that post-judgment interest shall accrue on this judgment; and it is further

**ORDERED**, that a copy of this order of judgment be served on all interested parties within _5_ days of the entry of same.

*No opposition was received to the proposed form of order by either defendant.*

_____ J.S.C.
JEFFREY R. JABLONSKI, J.S.C.